UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ROBERT ROMERO | CIVIL ACTION NO. 23-0442 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WESTWIND HELICOPTERS INC., ET AL. | MAGISTRATE JUDGE WHITEHURST |

*consolidated with*

| | |
|---|---|
| JEREMY HOLLIER | CIVIL ACTION NO. 23-0484 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WESTWIND HELICOPTERS INC., ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Before the Court are Motions *in Limine* (Record Document 80) filed by Defendants, Westwind Helicopters Inc. ("Westwind") and Starr Indemnity and Liability Company ("Starr") (collectively, "Defendants"). Plaintiffs Robert Romero ("Romero") and Jeremy Hollier ("Hollier") (collectively, "Plaintiffs") filed a joint opposition to the Motions. See Record Document 86. For the reasons explained below, the Motions are **GRANTED IN PART and DENIED IN PART**.

## FACTUAL BACKGROUND

A full recitation of the facts can be found in the Court's prior memorandum ruling. See Record Document 76. However, the facts and procedural history pertinent to the present motions will be discussed here.

This action arises from a helicopter crash in the Gulf of Mexico. See id. at 1. Plaintiffs were passengers aboard the helicopter owned and operated by Westwind and

piloted by Westwind employee James Bullock ("Bullock"). See id. Starr is sued solely in its capacity as Westwind's insurer.

The parties have engaged in motion practice addressing the admissibility and scope of expert testimony. Plaintiffs designated Dr. Ankur Lodha ("Dr. Lodha") as a cardiology expert and David Downey ("Mr. Downey") as an aviation expert. Defendants filed motions to exclude certain opinions under Daubert v. Merrell Dow Pharmaceuticals, Inc., challenging the reliability and relevance of Plaintiffs' expert opinions regarding the pilot's alleged medical incapacitation, in-flight decision making, and post-accident events. See 509 U.S. 579 (1993); see Record Documents 63 & 64.

In their response to the Daubert motions, Plaintiffs included supplemental expert reports from Dr. Lodha and Mr. Downey. See Record Documents 80-5 & 80-6. Dr. Lodha's second report addressed the pilot's medical condition and cognitive functioning following an initial in-flight episode. See Record Document 80-5. Mr. Downey's supplemental report addressed issues related to the accident sequence and post-crash circumstances. See Record Document 80-6. Defendants objected to these reports. See Record Documents 74 & 75. In the Court's ruling on the Daubert motions, the Court permitted the challenged experts to testify, subject to the limitations imposed by the Federal Rules of Evidence and the scope of their respective expert qualifications. See Record Document 78.

The Court also ruled on Defendants' Motion for Summary Judgment, granting the motion in part and denying it in part. See Record Document 76. Relevant here, the Court dismissed Plaintiffs' claims premised on alleged failures in post-crash rescue operations, while allowing claims related to the pilot's in-flight conduct to proceed. See id.

Following these rulings, Defendants filed the present Motions *in Limine* (Record Document 80), seeking to exclude or limit certain categories of evidence and testimony at trial. Specifically, Defendants move to preclude: (1) any reference to Starr or liability insurance before the jury; (2) testimony or opinions derived from Dr. Lodha's second expert report; (3) Dr. Lodha's reliance on Romero's eyewitness observations regarding the pilot's cognitive or physical state; (4) opinions contained in Mr. Downey's second expert report; (5) any reference to ethanol detected in Bullock's post-mortem toxicology; (6) evidence or argument concerning alleged delays or failures in post-crash rescue efforts; and (7) testimony suggesting that the pilot could have landed the helicopter on an offshore platform without establishing the witness's personal knowledge of the platform's operability. See id. Plaintiffs filed a joint opposition (Record Document 86), responding to each requested exclusion. Therefore, the Court now addresses the Motions *in Limine*.

## LAW AND ANALYSIS

### I. Reference to Starr or Liability Insurance

Defendants seek to preclude any reference before the jury to Starr or liability insurance. See Record Document 80-1 at 1. Plaintiffs do not oppose this request as it relates to trial testimony and evidence and represent that they do not intend to discuss the fact that Starr is Westwind's insurer except as necessary during voir dire. See Record Document 86 at 1–2.

Federal Rule of Evidence 411 generally prohibits evidence of liability insurance to prove negligence or wrongful conduct, and such evidence is also irrelevant to the issues the jury must decide. Accordingly, Defendants' request is **GRANTED** as for

any limited reference during voir dire, the admissibility of all questions shall be subject to the Court's supervision and approval.

## II. Dr. Lodha's Second Report

Defendants move to exclude opinions contained in Dr. Lodha's second expert report, characterizing them as untimely and improper supplementation offered in response to summary judgment and Daubert motions. See Record Document 80-1 at 1–2. Specifically, Defendants argue that Dr. Lodha changed his opinion, replacing his earlier diagnosis of arrhythmia with the conclusion that the pilot experienced syncope. See id. at 2. In the Court's prior ruling on Defendants' Daubert motions, the Court excluded Dr. Lodha's testimony that Bullock's episode was likely caused by arrhythmia as speculative. See Record Document 78. Defendants argue that Dr. Lodha's second report withdrew the arrythmia opinion and substituted it for the opinion that Bullock experienced syncope. See Record Document 80-1 at 2. Syncope simply means a loss of consciousness. It is undisputed that Bullock lost consciousness. Therefore, Dr. Lodha is permitted to testify about the loss of consciousness event, subject to the limitations of his prior disclosures and expertise.

To the extent Defendants' motion seeks wholesale exclusion of opinions already deemed admissible, it is **DENIED**. Dr. Lodha's testimony remains limited to opinions properly disclosed and within the scope of his expertise. Defendants may raise specific objections at trial if testimony exceeds those bounds.

## III. Dr. Lodha's Reliance on Romero's Eyewitness Observations

Next, Defendants seek to exclude any testimony from Dr. Lodha that relies on Romero's observations regarding Bullock's mental or physical condition, arguing that

4

such reliance is improper under Rules 702 and 703. See id. Experts are expressly permitted to rely on facts or data perceived by or made known to them, including eyewitness accounts, so long as experts in the field would reasonably rely on such information. See Fed. R. Evid. 703. The reliability and credibility of the underlying observations go to weight, not admissibility.

To the extent Romero testifies and demonstrates that he has personal knowledge of the in-flight events, Dr. Lodha may properly rely on Romero's statements as the factual basis for his opinions. Defendants' request would improperly bar expert reliance on the only available eyewitness account of Bullock's conduct. Accordingly, this request is **DENIED**.

### IV.     Mr. Downey's Second Report

Defendants seek exclusion of opinions contained in Mr. Downey's second expert report. See Record Document 80-1 at 3. As an initial matter, to the extent Mr. Downey's supplemental opinions address post-crash rescue efforts or delays, those issues were resolved in Defendants' favor on summary judgment. See Record Document 78. Claims premised on alleged failures in rescue operations are no longer part of this case. Accordingly, Defendants' request is **GRANTED AS MOOT** insofar as it concerns testimony regarding post-crash rescue timing or failures.

To the extent Defendants seek broader exclusion of Mr. Downey's testimony on matters still relevant to trial, the motion is **DENIED** for the same reasons stated with respect to Dr. Lodha: the Court has already ruled on Daubert, and motions *in limine* are not vehicles for relitigation.

### V.     Evidence of Ethanol in Bullock's Post-Mortem Toxicology

Defendants move to exclude any reference to ethanol detected in the pilot's tissues during post-mortem toxicology testing. See Record Document 80-1 at 3. Plaintiffs do not oppose this request and represent that they do not intend to introduce such evidence. See Record Document 86 at 5. Given the lack of evidence linking the detected ethanol to impairment, and the substantial risk of unfair prejudice, Defendants' motion is **GRANTED**.

### VI.    Evidence Regarding Post-Crash Rescue Delay

Defendants seek to exclude any evidence or argument suggesting that Westwind failed to timely rescue Plaintiffs or arrange rescue operations. See Record Document 80-1 at 4. The Court previously granted summary judgment in Defendants' favor on all claims arising from alleged post-crash rescue failures. See Record Document 76. Those issues are no longer before the jury. Accordingly, this request is **GRANTED AS MOOT**, and no such evidence or argument shall be presented at trial.

### VII.   Testimony that Bullock Could Have Landed on the Offshore Platform

Defendants request exclusion of any testimony suggesting that the pilot could have landed on an offshore platform absent proof that the platform was operational and suitable for landing. See Record Document 80-1 at 4. Plaintiffs respond that they do not intend to offer expert testimony on platform operability, but that Romero may testify regarding what he observed during the flight and what he communicated to the pilot. See Record Document 86 at 6.

Romero's testimony regarding what he saw, perceived, and said during the flight constitutes lay eyewitness testimony based on personal knowledge and is admissible under Federal Rules of Evidence 602 and 701. Accordingly, Defendants' motion is

6

**DENIED** to the extent it seeks to bar Romero's eyewitness testimony. Plaintiffs may not, however, present speculative opinions regarding platform operability without proper foundation.

## CONCLUSION

For the reasons discussed above, Defendants' Motions in Limine (Record Document 80) are **GRANTED IN PART** and **DENIED IN PART**. The Court's rulings on the motions are as follows:

1. Reference to Starr or Liability Insurance: **GRANTED** as to trial testimony, with any voir dire reference subject to the Court's approval.

2. Dr. Lodha's Second Report: **DENIED**, but Dr. Lodha's testimony remains limited to opinions properly disclosed and within the scope of his expertise.

3. Dr. Lodha's Reliance on Romero's Eyewitness Observations: **DENIED**.

4. Mr. Downey's Second Report: **GRANTED AS MOOT** regarding post-crash rescue issues but **DENIED** as to any other matters still relevant for trial.

5. Evidence of Ethanol in Bullock's Post-Mortem Toxicology: **GRANTED**.

6. Evidence Regarding Post-Crash Rescue Delay: **GRANTED AS MOOT**.

7. Testimony That Bullock Could Have Landed on the Offshore Platform: **DENIED** to the extent it pertains to Romero's lay eyewitness testimony, but speculative expert opinions regarding platform operability are excluded unless proper foundation is provided.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of January, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE