**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| ROBERT ROMERO | CIVIL ACTION NO. 23-0442 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WESTWIND HELICOPTERS INC., ET AL. | MAGISTRATE JUDGE WHITEHURST |

*consolidated with*

| | |
|---|---|
| JEREMY HOLLIER | CIVIL ACTION NO. 23-0484 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WESTWIND HELICOPTERS INC., ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM ORDER**

Before the Court is Defendants Westwind Helicopters, Inc.'s ("Westwind") and Starr Indemnity and Liability Company's ("Starr") (collectively, "Defendants") Motion for Partial Reconsideration of the Court's Memorandum Ruling on Defendants' Motion for Summary Judgment (Record Document 82). Plaintiffs filed an opposition (Record Document 89), and Defendants filed a reply (Record Document 90). For the reasons set forth below, the Motion is **DENIED**.

**APPLICABLE STANDARDS**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration per se; however, the Fifth Circuit has recognized that such motions may be brought under Rules 54(b), 59(e), or 60(b). See Southern Snow Mfg. Co. v. SnoWizard Holdings, Inc., 921 F. Supp. 2d 548, 564 (E.D. La. 2013).

Because the Court's summary judgment ruling is interlocutory, Rule 54(b) governs. Under Rule 54(b), a district court "possesses the inherent power to reconsider, rescind,

or modify an interlocutory order for cause seen by it to be sufficient." <u>Cormier v. Turnkey Cleaning Servs., LLC</u>, 295 F. Supp. 3d 717, 720 (W.D. La. 2017) (citing Fed. R. Civ. P. 54(b)).

Rule 54(b) motions are generally evaluated under the same standards applicable to Rule 59(e) motions to alter or amend a final judgment. <u>See</u> <u>Fogleman-Laxey v. Guillory</u>, 2023 WL 2435103, at *1 (W.D. 2023). "Generally, a motion to alter or amend a judgment under Rule 59(e) may be granted for the following grounds: '(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law.'" <u>Id.</u> (citing <u>In re Self</u>, 172 F. Supp. 2d 813, 816 (W.D. La. 2001)).

Reconsideration is an "extraordinary remedy that should be used sparingly." <u>Templet v. HydroChem Inc.</u>, 367 F.3d 473, 479 (5th Cir. 2004). Such motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments" that could have been raised prior to the challenged ruling. <u>Templet</u>, 367 F.3d at 479. When there exists no independent reason for reconsideration other than disagreement with the Court's prior order, reconsideration should be denied. <u>See</u> <u>Southern Snow</u>, 921 F. Supp. 2d at 566.

**ANALYSIS**

This action arises from a helicopter crash in the Gulf of Mexico. <u>See id.</u> at 1. Plaintiffs Jeremy Hollier ("Hollier") and Robert Romero ("Romero") (collectively, "Plaintiffs") were passengers aboard the helicopter owned and operated by Westwind and piloted by Westwind employee James Bullock ("Bullock"). <u>See id.</u> Starr is sued solely in its capacity as Westwind's insurer.

Defendants filed a Motion for Summary Judgment (Record Document 62) seeking dismissal of Plaintiffs' claims on multiple grounds. That motion was granted in part and denied in part. See Record Document 76. Relevant here, the Court denied summary judgment as to Plaintiffs' claims arising from Bullock's in-flight operational conduct. See id.

In addressing that issue, the Court considered whether Plaintiffs' state law negligence claims were preempted by federal law. Applying Fifth Circuit precedent, including Hodges v. Delta Airlines, Inc., the Court concluded that the alleged conduct at issue concerned in-flight operations rather than airline services, and that Defendants were not entitled to summary judgment on the basis of federal preemption. See 44 F.3d 334 (5th Cir. 1995); see also Record Document 76 at 8–11. In conducting its analysis, the Court also considered Skidmore v. Delta Air Lines, Inc. as persuasive authority addressing the application of Hodges in the aviation context, alongside other relevant precedent. See 2000 WL 1844675 (N.D. Tex. Dec. 15, 2000).

Defendants now seek reconsideration of that ruling, arguing that the Court committed legal error by declining to apply 14 C.F.R. §§ 91.3 and 91.13 as the operative standards of care governing the pilot's in-flight conduct and by relying on Skidmore in its preemption analysis. See 2000 WL 1844675; see also Record Document 82. Despite Defendants' arguments, the Court finds no clear error that would justify reconsideration of the ruling. The Court's ruling does not warrant the "disfavored, extraordinary remedy" Defendants request. Johnson v. Fanial, 2020 WL 262758, at *2 (W.D. La. 2020).

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Motion for Partial Reconsideration of the Court's Memorandum Ruling on Defendants' Motion for Summary Judgment (Record Document 82) is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 15th day of January, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE