**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

ROBERT ROMERO                                    CIVIL ACTION NO. 23-0442

VERSUS                                                      JUDGE S. MAURICE HICKS, JR.

WESTWIND HELICOPTERS INC,              MAGISTRATE JUDGE WHITEHURST
ET AL.

**MEMORANDUM ORDER**

Before the Court is Plaintiff's Motion in Limine to Determine Admissibility of Plaintiff's Prior Consistent Statement (Record Document 129). Defendants filed a response in opposition. For the reasons set forth below, the Motion is **DENIED**.

Plaintiff Robert Romero ("Romero") seeks a pretrial ruling that Jeremy Hollier ("Hollier") may testify regarding an alleged prior consistent statement made by Romero while both men were hospitalized following the helicopter crash. Romero contends the statement is admissible under Federal Rule of Evidence 801(d)(1)(B).

Federal Rule of Evidence 801(d)(1)(B) excludes certain prior consistent statements from the definition of hearsay when the declarant testifies and is subject to cross-examination, and the statement is offered to rebut a charge of recent fabrication or improper motive. In Tome v. United States, however, the Supreme Court held that such statements are admissible only if they were made **before** the alleged motive to fabricate arose. See 513 U.S. 150, 157-58 (1995).

As the proponent of the evidence, Romero bears the burden of establishing that the requirements of Rule 801(d)(1)(B) are satisfied. Romero has failed to do so here. Although Romero represents that the alleged statement was made while he and Hollier were

hospitalized following the accident, the present record does not establish that the statement preceded any alleged motive to fabricate. The record reflects that Romero's counsel was present at the hospital, and Romero has not established when he first consulted with or retained counsel relative to the alleged conversation with Hollier. Because Romero has not demonstrated that the alleged statement predates any alleged motive to fabricate, he has failed to satisfy the foundational requirement articulated in Tome.

The Court also notes that Romero has not identified the contents of the alleged prior consistent statement with sufficient specificity to permit the Court to determine whether it is, in fact, consistent with Romero's anticipated trial testimony. Romero's generalized representation that he told Hollier "what happened" is insufficient to establish that the requirements of Rule 801(d)(1)(B) have been met.

Accordingly, Romero has not carried his burden of establishing that the alleged statement falls within Rule 801(d)(1)(B). The Motion is therefore **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of July, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT